IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0230-08 |
| | § | |
| MARVA SYLVESTER | § | (Civil Action No. H-07-3280) |
| | § | |

# MEMORANDUM AND ORDER

The defendant, Marva Sylvester, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 544). In that same motion, Sylvester challenges the administration of her sentence under 28 U.S.C. § 2241. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (H-07-3280) for the reasons set forth below.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

A federal grand jury returned a superseding indictment against Sylvester, and others, in connection with a conspiracy to transport stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 371. Following a joint trial, a jury found Sylvester and her co-defendants guilty as charged. (Doc. # 256). Accordingly, the Court instructed the Probation Department to prepare a presentence report (a "PSR") for the purpose of determining her punishment under the United States Sentencing Guidelines. In a judgment entered on June

20, 2004, the Court sentenced Sylvester to serve fifteen months in federal prison for her role in the conspiracy, followed by a three-year term of supervised release.

Sylvester challenged her conviction and sentence on direct appeal. The United States Court of Appeals for the Fifth Circuit affirmed in an unpublished opinion. *See United States v. Mendoza-Alarcon, et al.*, No. 04-20506, 2005 WL 1704470 (5th Cir. July 21, 2005). Subsequently, the United States Supreme Court denied Sylvester's petition for a writ of certiorari. *See United States v. Sylvester*, 546 U.S. 1199 (2006).

Sylvester, who had been out on bond pending the resolution of her appeal, surrendered to authorities on August 10, 2007. Sylvester now argues that she is entitled to relief under 28 U.S.C. § 2255 because her sentence was imposed using a mandatory Sentencing Guidelines scheme that was invalidated by *United States v. Booker*, 543 U.S. 220 (2005). Sylvester adds that she is entitled to relief under 28 U.S.C. § 2241 from the administration of her sentence because, after her punishment was imposed, the Bureau of Prisons terminated a program that this Court had recommended in its judgment. After reviewing the entire record, the Court concludes that the defendant is not entitled to relief for reasons discussed briefly below.

## II.  DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's

conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.*

Sylvester contends that she is entitled to relief under 28 U.S.C. § 2255 because her sentence was determined in a manner that violates the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory rather than mandatory. Sylvester's conviction became final on February 21, 2006, when the Supreme Court denied her petition for a writ of certiorari. That date triggered the statute of limitations on review under § 2255, which expired one year later on February 21, 2007. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (observing that a motion for post-conviction relief under § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final"). Sylvester's motion for relief under § 2255 was filed on October 5, 2007, which is well outside the governing one-year statute of limitations for review. Sylvester, who is represented by counsel, fails to present any grounds for tolling of the limitations period in this instance. Accordingly, her motion is subject to dismissal as untimely.

More importantly, a review of the record shows that Sylvester raised a challenge under *Booker* on direct appeal. The Fifth Circuit rejected her *Booker* claim and found no reversible error. *See United States v. Mendoza-Alarcon, et al.*, No. 04-20506, 2005 WL 1704470, **6-7 (5th Cir. July 21, 2005), *cert. denied sub nom. United States v. Sylvester*,

3

546 U.S. 1199 (2006). Because Sylvester's *Booker* claim was raised and rejected on direct appeal, these grounds for relief are not cognizable on collateral review. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Accordingly, Sylvester is not entitled to relief under 28 U.S.C. § 2255.

### III.     DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2241

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A § 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting the length of its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Because the defendant is in custody at the nearby Federal Detention Center in Houston, this Court has jurisdiction over her petition. To prevail, the defendant must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Sylvester seeks relief from the administration of her sentence under 28 U.S.C. § 2241 on the grounds that, in the judgment, this Court recommended her participation in a federal boot camp program operated in Bryan, Texas. (Doc. # 355, *Judgment*, at 2). After the sentence was imposed, the Bureau of Prisons terminated its boot camp program. Because she no longer has the option of participating in this program, Sylvester complains that the Bureau of Prisons' decision to terminate the boot camp program poses an unconstitutional *ex post facto* violation.

4

Assuming that Sylvester has exhausted the requisite administrative remedies, her *ex post facto* claim has no merit. Article I, Section 9 of the United States Constitution provides that "[n]o . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. Among those laws prohibited by this provision are those that "make[] more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (citation and quotation omitted). "Not every retroactive procedural change creating a risk of affecting an inmate's term or conditions of confinement is prohibited." *Garner v. Jones*, 529 U.S. 244, 250 (2000). The Supreme Court has clarified that "the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor . . . on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n. 3 (1995) (citation omitted).

While the Fifth Circuit has not addressed this issue, this Court and others have held that termination of the boot camp program did not constitute an *ex post facto* violation. *See, e.g., Palomino v. Federal Bureau of Prisons*, 408 F. Supp. 2d 282, 293 (S.D. Tex. 2005) ("The categorical decision to terminate the boot camp program merely affects the opportunity to participate in a discretionary program, the successful completion of which may allow for an early release. The decision did not increase the sentence imposed.") (citing *Mares v. Federal Bureau of Prisons*, 401 F. Supp. 2d 775, 780 (S.D. Tex. 2005); *Fason v. Sanders*, 2005 WL 2897041, *7 (E.D. Ark. Nov.3, 2005); *United States v. McLean*, 2005 WL

5

2371990, *4 (D.Or. Sept. 27, 2005); *see also Serrato v. Clark*, 486 F.3d 560, 571 (9th Cir. 2007) (rejecting an *ex post facto* claim concerning the Bureau of Prisons' decision to terminate the boot camp program).

Sylvester has not cited any authority in support of her request for relief under § 2241. The record shows that Sylvester only recently surrendered to authorities to begin serving her sentence on August 10, 2007, well after the Bureau of Prisons terminated its boot camp program. As such she had not earned any early release credits when the boot camp program was ended. Moreover, as she concedes in her motion, the judgment in this case contains at most a recommendation that she participate in the boot camp program. Sylvester fails to show that she is entitled to relief under these circumstances. *See Serrato*, 486 F.3d at 571. Because Sylvester fails to establish a constitutional violation in connection with the administration of her sentence, the Court concludes that her federal habeas corpus petition must be denied.

## IV.    CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate

of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

7

V.  **CONCLUSION AND ORDER**

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, she is not entitled to relief under 28 U.S.C. § 2255. Likewise, the defendant has failed to show that she is entitled to relief from the administration of her sentence under 28 U.S.C. § 2241. Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's pending motion for relief from her sentence (Doc. # 544) is **DENIED** and the corresponding civil action (H-07-3280) is **DISMISSED** with prejudice.

2. A certificate of appealability from this decision is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-07-3280.

SIGNED at Houston, Texas, on October 22, 2007.

_____
Nancy F. Atlas
United States District Judge